# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE HOBSON,<br><br>      Plaintiff,<br><br>v.<br><br>SAVE-A-LOT FOOD STORES, LTD., d/b/a/ SAVE-A-LOT STORE #412,<br><br>and<br><br>MORAN FOODS, LLC,<br><br>      Defendants. | Case No. 3:17-cv-00617-JPG-DGW |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, District Judge:**

This matter comes before the Court on defendant Save-A-Lot Food Stores, LTD.'s motion to dismiss (Doc. 3) and plaintiff Eddie Hobson's motion for remand (Doc. 10). For the reasons stated below, the Court denies both motions.

## BACKGROUND

Plaintiff Eddie Hobson, a resident of Illinois, alleges that he was injured at a Save-A-Lot food store in East St. Louis when he slipped on standing water in front of a freezer. (Am. Compl. at ¶ 4, ECF No. 21.) Hobson claims that employees of the Save-A-Lot negligently failed to inspect and clean the floors of spills, leading to the dangerous condition. (Am. Compl. ¶ 10.) Save-A-Lot later filed concurrent motions to (1) remove the action to this Court based solely on diversity jurisdiction under 28 U.S.C. 1332, and (2) dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Hobson followed by filing a motion to remand back to Illinois state court.

1

## DISCUSSION

### I. MOTION TO DISMISS

Save-A-Lot argues that the action should be dismissed because the store that Hobson was allegedly injured at—Save-A-Lot Store #412—is operated by Moran Foods, Inc. (Mot. to Dismiss at ¶ 2, ECF No. 3.) Save-A-Lot claims that Hobson should have instead sued Moran Foods, because suing Save-A-Lot directly would "pierce the corporate veil" and impose liability on Save-A-Lot for the actions of Moran Foods employees. (*Id* at ¶ 3–4.) Regardless of the merits of this argument, Save-A-Lot's motion is now moot following Hobson's amended complaint, which added Moran Foods, LLC as a party to the action. (Am. Compl. ¶ 3.)

### II. MOTION TO REMAND

Hobson argues that the action should be remanded to Illinois state court because the minimum amount-in-controversy for diversity jurisdiction does not exist. (Mot. to Remand, ECF No. 10.) Federal courts have diversity jurisdiction over a matter when the parties are citizens of different states and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking to invoke federal jurisdiction bears the burden of demonstrating—by a preponderance of the evidence—facts showing that the plaintiff stands to recover more than $75,000 in the suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).

In the event of removal, the amount-in-controversy is determined on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). Post-removal events to reduce the amount-in-controversy do not negate a jurisdictionally sufficient amount-in-controversy at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

289–90; *Meridian*, 441 F.3d at 538; *Rising-Moore*, 435 F.3d at 816. Even if the plaintiff makes an irrevocable promise after removal not to accept more than $75,000, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal. *St. Paul*, 303 U.S. at 292–93; *Rising-Moore*, 435 F.3d at 816; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). In Illinois state law cases, where the Illinois Rules of Civil Procedure prohibit plaintiffs from praying for a specific amount of relief in their complaints, the Seventh Circuit has instructed that the amount-in-controversy may be determined by reference to the plaintiff's settlement demands. *Meridian*, 441 F.3d at 541; *Rising-Moore*, 435 F.3d at 816.

Here, the minimum amount-in-controversy existed at removal through evidence of Hobson's settlement demand of $100,000. (Resp. to Mot. to Remand, Ex. A, ECF No. 16.) Hobson counters that the amount-in-controversy is less than $75,000 because he will accept $74,000 to settle the case. (Mot. to Remand ¶ 2.) Since this promise was made after removal, however, it does not quash the prior establishment of the minimum amount-in-controversy required for diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, Save-A-Lot's motion to dismiss (Doc. 3) is **DENIED** and Hobson's motion to remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: August 25, 2017**

                                                        **s/ J. Phil Gilbert**
                                                        **J. PHIL GILBERT**
                                                        **DISTRICT JUDGE**