IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE HOBSON, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> SAVE-A-LOT FOOD STORES, LTD. and ) </br> MORAN FOODS, LLC, ) </br> ) </br> Defendants. ) | Case No. 3:17-cv-617-JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff Eddie Hobson's Motion to Join Additional Party and for Leave to File Second Amended Complaint (Doc. 31). For the reasons set forth below, the Motion is **GRANTED**.

This action was removed to this Court on June 11, 2017. Plaintiff was granted leave and subsequently filed an amended complaint on August 23, 2017. In the First Amended Complaint, Plaintiff set forth a negligence action against Save-A-Lot Food Stores, Ltd. ("Save-A-Lot") and Moran Foods, LLC ("Moran"). Generally, Plaintiff alleges she was an invitee to Save-A-Lot Store #412 and was injured after slipping on standing water while in the store. Plaintiff further alleges that Moran owned and/or operated Save-A-Lot # 412.

Plaintiff now seeks to add as a defendant Supervalu, Inc. ("Supervalu"), a corporation whom Plaintiff alleges is an owner, operator, and/or franchisor of Save-A-Lot #412. Plaintiff asserts that Supervalu was not included in her original complaint as there were questions as to the actual owners and/or operators of Save-A-Lot #412.

Defendant Moran filed its objection to Plaintiff's motion on September 13, 2017 (Doc. 36).

Moran asserts that Supervalu, Inc. was previously the parent corporation of Moran, but that it is no longer the parent corporation.  Moran argues that Plaintiff's motion should be denied as she has not pled any basis to disregard the separate corporate status of Moran to impose liability on Supervalu.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and leave to amend should be freely given "when justice so requires."  The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).  This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).  A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Although the Court is mindful of Defendant Moran's argument, it is not apparent that Plaintiff's motion is futile.  The Court also finds that the motion was not unduly delayed or brought with dilatory motive.  The Court further notes that Moran has not provided any authority to support its proposition that Plaintiff must plead allegations sufficient to pierce the corporate veil.  Said argument is better suited for a motion to dismiss that can be fully briefed by all of the parties.

Accordingly, Plaintiff's Motion to Join Additional Party and for Leave to File Second Amended Complaint (Doc. 31) is **GRANTED**. In light of this ruling, Plaintiff's Motion to Expedite Ruling (Doc. 34) is **MOOT**.

**IT IS SO ORDERED.**

**DATED: September 19, 2017**



**DONALD G. WILKERSON**
**United States Magistrate Judge**