# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE HOBSON,<br><br>      Plaintiff,<br><br>      v.<br><br>SAVE-A-LOT FOOD STORES, LTD., *d/b/a/* SAVE-A-LOT STORE #412, MORAN FOODS, LLC, and SUPERVALU INC.,<br><br>      Defendants. | Case No. 3:17-cv-00617-JPG-DGW |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Supervalu, Inc.'s Motion to Dismiss Count III of Plaintiff's Second Amended Complaint. (Doc. 44.) Supervalu has not identified which rule of the Federal Rules of Civil Procedure they bring their motion, so the Court will construe it under Rule 12(b)(6). Plaintiff Eddie Hobson has filed an untimely response to Supervalu's motion. (Doc. 45.)

Hobson alleges that she slipped and fell at a Save-A-Lot food store in East St. Louis, Illinois, leading to a serious injury. She initially brought this negligence action against Save-A-Lot Food Stores in Illinois state court, but the defendant removed the case to this Court on a theory of diversity jurisdiction. (Doc. 1.) Two months later, Hobson amended her complaint to add Moran Foods, LLC as a party. (Doc. 21.) Moran Foods operates the Save-A-Lot store that Hobson was injured at. (Doc. 42, ¶ 3.) Hobson then amended her complaint a second time to add Supervalu Inc.—who was the parent corporation of Moran Foods, LLC at the time of the slip-and-fall—as another defendant. (Doc. 44.)

1

Now, Supervalu argues that the Court should dismiss them as a party because Hobson has not pled any basis to pierce their corporate veil in order to hold Supervalu liable. (Doc. 44, ¶¶ 8–10.) Hobson has responded that she "cannot oppose dismissal of Defendants Save-a-Lot and Supervalu, without prejudice." (Doc. 45, pp. 2.) Hobson acknowledges that she has "no information or evidence to show that Defendants Save-a-Lot or Supervalu have any duty to plaintiff under the facts of this case . . ." and she "must rely on the representation that the proper Defendant in this case is defendant Moran." (*Id.*) Since Hobson appears to consent to Supervalu's motion, the Court **DISMISSES** Count III of the second amended complaint and **DIRECTS** the Clerk of Court to terminate Supervalu, Inc. as a party.

One final word is in order. In Hobson's second amended complaint, she states three times that her "building was damaged by Defendant's negligence" in multiple respects related to her slip and fall. (Doc. 42, ¶¶ 12, 16, 20.) This does not make sense, and the Court assumes it is a mistake considering it can find no reference to any buildings owned by Hobson in any of the prior pleadings. The Court **DIRECTS** Hobson to file a third-amended complaint by December 12, 2017 that remedies this issue.

**IT IS SO ORDERED.**

**DATED: November 27, 2017**

                                                  **s/ *J. Phil Gilbert***
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**