UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE HOBSON,<br><br>    Plaintiff,<br><br>v.<br><br>SAVE-A-LOT FOOD STORES, LTD., *d/b/a/* SAVE-A-LOT STORE #412 and MORAN FOODS, LLC.<br><br>    Defendants. | Case No. 3:17-cv-00617-JPG-DGW |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Eddie Hobson's motion to dismiss without prejudice. (Doc. 56.) Hobson requests that the Court dismiss defendants SuperValu, Inc. and Save-A-Lot Stores, LTD—even though the Court dismissed SuperValu, Inc. from this case over two months ago. (Doc. 47.) Hobson also indicates that defense counsel has consented to this motion. She has not indicated, however, under which Federal Rule of Civil Procedure she brings her motion.

The Court cannot grant Hobson's request. If Hobson intended this motion to be a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii), it fails. That rule allows a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared". FED. R. CIV. P. 41(a)(1)(A)(ii) (emphasis added). The effect of such a stipulation is the immediate dismissal of the case—the Court need not issue an order to effectuate the dismissal. *See, e.g., Scott v. Delbert Servs. Corp.*, 973 F. Supp. 2d 949 (E.D. Wis. 2013). But here, the defendants have not signed Hobson's motion.

1

Accordingly, the Court **DENIES** Hobson's motion to dismiss. (Doc. 56.) Hobson will have an opportunity to refile, but this time she must indicate under which Federal Rule of Civil Procedure she brings her motion and comply with the terms of that rule.

**IT IS SO ORDERED.**

**DATED:  FEBRUARY 1, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
